UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RENE E. RODRIGUEZ,** <br> **TDCJ No. 02307933,** <br><br> Petitioner, <br><br> v. <br><br> **BOBBY LUMPKIN, Director,** <br> **Texas Department of Criminal Justice,** <br> **Correctional Institutions Division,** <br><br> Respondent. | § § § § § § § § § § § § § | **CIVIL NO. SA-21-CA-0828-XR** |

## ORDER OF DISMISSAL

Before the Court are *pro se* Petitioner Rene E. Rodriguez's petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (ECF No. 9) and Respondent Bobby Lumpkin's Answer (ECF No. 14). Petitioner challenges the constitutionality of a disciplinary hearing that took place while in Respondent's custody. For the reasons set forth below, however, Petitioner's federal habeas corpus petition is dismissed with prejudice for failure to implicate a protected liberty interest. Petitioner is also denied a certificate of appealability.

## Background

Petitioner is currently incarcerated at TDCJ's William C. McConnell Unit as a result of two Bexar County convictions for possession of a controlled substance. *State v. Rodriguez*, Nos. 2019CR13465 and 2019CR5265 (144th Dist. Ct., Bexar Cnty., Tex. Feb. 6, 2020). On May 5, 2021, Petitioner was found guilty of damaging or destroying state property in prison disciplinary case no. 20210168782. (ECF No. 15-2). As a result of this proceeding, Petitioner lost 60 days of commissary privileges and 45 days of recreational privileges, his line classification was reduced, and he was required to pay damages in the amount of $21.60. *Id*.

Petitioner did not complete TDCJ's two-step grievance procedure necessary to appeal this determination.[1]  (ECF Nos. 9 at 6, 14-2, 15-1).  Instead, Petitioner filed the instant § 2254 petition on November 9, 2021, challenging the results of the prison disciplinary proceeding. (ECF No. 9 at 10).  Specifically, Petitioner contends: (1) he was denied due process because he was denied the right to review witness statements and evidence, (2) he was denied equal protection because the damaged property was in a common area and other inmates were not found guilty of the same offense, (3) TDCJ officials falsified evidence against him, and (4) the fraudulent accusations and hearing constitute cruel and unusual punishment.

## Analysis

Challenges to disciplinary proceedings generally do not raise a cognizable constitutional violation unless the petitioner has lost good-time credits and is eligible for mandatory supervision.  *Malchi v. Thaler*, 211 F.3d 953, 957–58 (5th Cir. 2000); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).  While Petitioner is eligible for mandatory supervision under Texas law for his underlying 2020 convictions for possession of a controlled substance, the record demonstrates that he did not lose any good-time credits as a result of disciplinary case no. 20210168782.  (ECF Nos. 14-1 at 4, 15-2 at 3-4).  Because Petitioner did not lose good-time credits, his petition does not implicate a protected liberty interest.  *See Kimbrell v. Cockrell*, 311 F.3d 361, 362 (5th Cir. 2002).

Similarly, Petitioner's temporary loss of privileges and the reduction in his line classification will not affect the length of his sentence and thus do not implicate a protected liberty interest.  *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) ("Inmates have no protectable property or liberty interest in custodial classifications"); *Madison*, 104 F.3d at 768

---

[1] Despite Petitioner's failure to exhaust all available remedies, the Court may nevertheless deny his application for a writ of habeas corpus on the merits.  28 U.S.C. § 2254(b)(2).

(holding that commissary and cell restrictions as punishment are merely changes in the conditions of a prisoner's confinement and do not implicate due process concerns). Because Petitioner has not lost a protected liberty interest, there is no predicate for a habeas corpus or civil rights due process claim. *See Sandin v. Conner*, 515 U.S. 472, 483–87 (1995) (prisoner's allegations he was placed in administrative segregation for thirty days for alleged violation of prison regulations did not amount to "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" and did not affect duration of his sentence and thus did not amount to the deprivation of a protected liberty interest as a basis for a due process claim).

Finally, to the extent Petitioner was forced to pay a monetary sanction of $21.60, he does have a due process property interest in the funds in his inmate trust fund account. *See Rosin v. Thaler*, 417 Fed. App'x 432, 434 (5th Cir. 2011) (unpublished) (citations omitted). Because a monetary sanction does not affect the fact or duration of confinement, however, claims challenging this type of a penalty are not actionable on federal habeas review. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Cook v. Tex. Dep't of Crim. Just. Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir. 1994). Instead, any claim that forfeiture of funds infringed on a property interest is actionable, if at all, in a suit under 42 U.S.C. § 1983.[2] *See Lacy v. Thaler*, 497 Fed. App'x 411, 411 (5th Cir. 2012) (unpublished). As such, Petitioner fails to present a valid claim for federal habeas corpus relief.

---

[2] Because civil rights actions by prison inmates are governed by restrictions found in the Prison Litigation Reform Act, 28 U.S.C. § 1915(b), which requires payment of a different filing fee, the Court will dismiss any claims concerning Petitioner's monetary sanction without prejudice to filing a separate lawsuit under 42 U.S.C. § 1983, should Petitioner wish to pursue relief in that context.

## Conclusion

Rule 4 Governing Habeas Corpus Proceedings states a habeas corpus petition may be summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Based on the foregoing reasons, Petitioner's federal habeas corpus petition does not warrant relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Petitioner Rene E. Rodriguez's § 2254 petition (ECF No. 9) is **DISMISSED WITH PREJUDICE**;

2. To the extent Petitioner challenges the forfeiture of $21.60 from his inmate trust account, his claims are **DISMISSED WITHOUT PREJUDICE** to consideration in a separate lawsuit filed under 42 U.S.C. § 1983;

3. Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, this Court **DENIES** Petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; and

4. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so **ORDERED**.

**SIGNED** this 29th day of March, 2022.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE